LULU C. BOWEN

*vs.*

WORUMBO MANUFACTURING COMPANY.

Androscoggin.     Opinion December 24, 1908.

*Master and Servant.   Negligence.   Assumption of Risk.   Icy Stairway.*
*Duty of Master.   Evidence.   Verdict.*

When the evidence in behalf of a plaintiff upon the question of the defendant's liability is entirely uncontradicted, it must receive its full probative force.

It is well settled law that a general knowledge of a danger, without an appreciation of it is not conclusive upon the question of the assumption of the risk.

The plaintiff was an operative in the defendant's woolen mill where she had been employed about sixteen months. At the rear entrance to the mill was an outside stairway of twenty-one steps descending to the ground, with a railing on each side about three feet above the stairs, but without any balusters between the treads and the rail. This stairway was uncovered and entirely exposed to the elements, and was so located and constructed that the drippings from the roof fell directly upon the upper steps. On Monday, December 10, 1906, there was a coating of ice upon the upper steps caused by melting snow and ice on the roof dripping upon the stair-

way, but this ice was concealed by a few inches of light snow that had fallen Sunday night and Monday forenoon. The plaintiff came out of the mill at noon and saw the snow on the steps, but she testified that she saw no ice there, and there was no evidence that she knew that the ice was on the steps at that hour. She started to come down with her right hand on the rail and found a safe footing in the snow on the first step, but slipped on the second one and fell under the railing and off of the end of the steps to the ground and was injured. Not only was the snow frequently shoveled off of these stairs in the winter, but also the ice forming upon them from time to time was frequently chopped and scraped off by the servants of the defendant employed for that purpose in connection with other duties; but this was not done on the forenoon of the accident. This open stairway had been habitually used with the knowledge of the defendant for a period of eighteen years as a means of entering and leaving the mill by all operatives who might find it a more direct and convenient way than that from the front entrance, in going to and from their homes.

*Held:* (1) That the jury was warranted in finding that there was a failure of duty on the part of the defendant towards the plaintiff in neglecting to keep this stairway in a reasonably safe and suitable condition for the accommodation of its operatives who thus had an implied invitation to use it in entering and leaving the mill.

(2) That the jury was also warranted in finding that the plaintiff was not guilty of contributory negligence.

(3) That under the facts and circumstances of the case, it cannot be said as a matter of law that the plaintiff understood and appreciated the dangerous condition of the steps and hence voluntarily assumed the risk of using them, and that this question was properly submitted to the jury as a question of fact and that the finding of the jury in favor of the plaintiff on that question does not appear to be unreasonable.

(4) That the damages awarded by the jury do not appear to be excessive.

On motion by defendant.    Overruled.

Action on the case to recover damages for personal injuries sustained by the plaintiff, who was an operative in the defendant's woolen mill, and caused by the alleged negligence of the defendant in failing to keep in a reasonably safe and suitable condition a certain stairway connected with its mill, and habitually used by the plaintiff and other operatives for the purpose of entering and leaving the mill.    Plea, the general issue.    Verdict for plaintiff for $1475.    The defendant then filed a general motion for a new trial.

The case is stated in the opinion.

*McGillicuddy & Morey*, for plaintiff.

*Newell & Skelton*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SPEAR, CORNISH, KING, BIRD, JJ.

WHITEHOUSE, J.   The plaintiff was an operative in the defendant's woolen mill and recovered a verdict of $1475 for injuries received by slipping on the second step from the top of an outside stairway leading to the mill, and falling to the ground a distance of thirteen feet.   At the trial the defendant introduced no testimony except that of a medical expert who testified in regard to the plaintiff's present physical condition.   The evidence in behalf of the plaintiff upon the question of the defendant's liability was therefore entirely uncontradicted, and must receive its full probative force. The case comes up on motion to set aside the verdict.

At the rear entrance to the mill was an outside open stairway of twenty-one steps descending to the ground, with a railing on each side about three feet above the stairs, but without any balusters between the treads and the rail.   This stairway was uncovered and entirely exposed to the elements, and was so located and constructed that the drippings from the roof above fell directly upon the upper steps.

The accident happened on Monday noon, December 10, 1906. The plaintiff had then been employed in the mill about sixteen months.   Sometime between Saturday and Monday, and possibly at an earlier date, the melting snow and ice on the roof had dripped upon the stairway and formed a coating of ice upon the steps varying in thickness from half an inch to two inches; but this ice was concealed on Monday noon by a few inches of light snow that had fallen Sunday night and that forenoon.   The plaintiff came out of the mill at noon time and saw the snow on the steps, but states that she saw no ice there, and there is no evidence in the case that she knew that there was ice on the steps at that hour.   Three persons, one woman and two men immediately preceded her and passed down without accident.   She started to come down with her right hand on the rail and found a safe footing in the snow on the first step, but slipped on the second one and fell under the railing and off of the end of the steps to the ground.   Twelve or fifteen other operatives came down this stairway at the same noon hour.

There was undisputed evidence that not only was the snow frequently shovelled off of these stairs in the winter, but that the ice forming upon them from time to time was frequently chopped and scraped off by the servants of the defendant employed for that purpose in connection with other duties ; but this was not done on the forenoon of the accident.

There was also undisputed testimony that this open stairway had been habitually used with the knowledge of the defendant for a period of eighteen years, as a means of entering and leaving the mill by all operatives who might find it a more direct and convenient way than that from the front entrance, in going to and from their homes.

It is the opinion of the court that these facts afforded sufficient evidence to warrant the jury in. finding that there was failure of duty on the part of the defendant towards the plaintiff in neglecting to keep this stairway in a reasonably safe and suitable condition for the accommodation of its operatives who thus had an implied invitation to use it in entering and leaving the mill, and also in finding that the plaintiff was not guilty of contributory negligence on her part at the time of the accident.

It is insisted, however, by the defendant that the plaintiff must have known of the danger and that in attempting to descend the stairs in that condition, she voluntarily assumed the risk of so doing. But it is settled law that a general knowledge of a danger, without an appreciation of it is not conclusive upon the question of the assumption of the risk. *Frye* v. *Bath Gas and Elec. Co.*, 94 Maine, 17. And in the case at bar it has been noted that the duty of the defendant, prior to the accident, had frequently been performed by cutting and removing the ice from the stairway, and that thus its condition necessarily changed from time to time. When therefore this fact is considered with the testimony of the plaintiff that she did not see any ice there before she fell and the absence of any direct evidence that she knew that there was ice concealed under the snow on the steps at that time, it cannot be said as a matter of law that she understood and appreciated the dangerous condition of the stairs and hence voluntarily assumed the

risk of attempting to use them.  To this effect was the decision of the court in *Fitzgerald* v. *Conn. River Paper Co.*, 155 Mass. on page 162, a case in which the facts were analogous to those at bar but more favorable to the defendant.  In the opinion the court say : "We are of opinion that it cannot be said as a matter of law, that the plaintiff in the present case, in attempting to go down the steps, voluntarily assumed a risk which she understood and appreciated which resulted in the accident.  She knew that. the steps were icy and that there was some danger in passing over them.  But the evidence tended to show that this slipperiness was constantly changing in different states of the weather, with the spray falling daily from the steam pipe and freezing upon them.  Common experience tells us that the degree of slipperiness of ice is not always determinable from an ocular inspection of it.  See also *Osborne* v. *London & North Western Railway*, 21 Q. B. D. 220, a case precisely in point."

It is accordingly the opinion of the court that the question whether the plaintiff understood and appreciated the danger was properly submitted to the jury as a question of fact, and that their finding in her favor upon that question does not appear to be unreasonable.

Nor does it satisfactorily appear from the evidence that the damages awarded by the jury were excessive.

*Motion overruled.*
*Judgment on the verdict.*